THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALONZO BRADLEY,

                              Plaintiff,

         v.

KEY BANK CORPORATE,

                              Defendant.

CASE NO. C20-1120-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On July 22, 2020, the Honorable Mary Alice Theiler, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 3.)

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Plaintiff purports to bring claims arising under the Eighth Amendment, Thirteenth Amendment, and Fourteenth Amendment against Defendant. (*See* Dkt. No. 4 at 3.) The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude . . . shall exist within the United States, or any place subject to their jurisdiction" and grants Congress the power to enforce the amendment. U.S. Const. amend. XIII. And the Fourteenth Amendment provides, *inter alia*, that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV.

In the statement of claim section of his complaint, Plaintiff asserts:

> Disputes refused to adhere to the evidence that proved my immediate approval for compensations regarding a conspired attempt to steal money by businesses in several communities by attempting with law enforcement in refusing to investigate and arrest with audio/video evidence and court docs as support that are still available with honest intention to carryout their job descrpt. to compensate. falsely reported my name to creditors unlawfully in hopes of selling my personal identity to the black market participants . Caused significant losses to my finances, property and business credit approvals."

(Dkt. No. 4 at 5.)[1] Other sections of Plaintiff's complaint reference, among other alleged harms, illegal incarceration attempts, fraudulent investigations, harassment, hate crimes, and various conspiracies. (*See generally id.*) Plaintiff's Eighth Amendment and Fourteenth Amendment claims fail because he fails to allege that Defendant, a private corporation, is a governmental actor. *See Taggart v. Moody's Inv'rs Serv., Inc.*, 2007 WL 2076980, slip op. at 4 (S.D.N.Y. 2007) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 923–24 (1982); *Spaziano v.*

---

[1] Plaintiff's complaint is quoted verbatim.

*Florida*, 468 U.S. 447, 471 (1984)) ("The eighth amendment and the due process clause of the fourteenth amendment are directed solely against action on the part of a state or the federal government."). And Plaintiff's Thirteenth Amendment claim fails because he has not offered factual allegations sufficient to establish a plausible claim that he has been subjected to involuntary servitude. *See United States v. Kozminski*, 487 U.S. 931, 942–44 (1988) (collecting cases). Therefore, Plaintiff's complaint does not assert a cognizable legal theory or sufficient facts to support a cognizable claim. *See Zixiang*, 710 F.3d at 999.

Although the Court finds that the complaint fails to state a claim upon which relief can be granted, the Court will not dismiss a case unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff file an amended complaint curing the defects identified by the Court no later than 14 days from the date this order is issued. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 5th day of August 2020.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk