THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALONZO BRADLEY, | CASE NO. C20-1120-JCC |
| Plaintiff, | ORDER |
| v. | |
| KEY BANK CORPORATE, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's supplemental documents filed in support of his initial complaint (Dkt. Nos. 8–10). On August 5, 2020, the Court reviewed Plaintiff's *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and found that Plaintiff had failed to state a claim upon which relief could be granted. (*See generally* Dkt. No. 6.) Specifically, the Court found that Plaintiff had failed to state viable Eighth and Thirteenth Amendment claims because "he fails to allege that Defendant, a private corporation, is a governmental actor." (*Id.* at 2) (citing *Taggart v. Moody's Inv'rs Serv., Inc.*, 2007 WL 2076980, slip op. at 4 (S.D.N.Y. 2007)). The Court further found that Plaintiff had failed to state a viable Thirteenth Amendment claim "because he has not offered factual allegations sufficient to establish a plausible claim that he has been subjected to involuntary servitude." (*Id.* at 3) (citing *United States v. Kozminski*, 487 U.S. 931, 942–44 (1988)). The Court ordered Plaintiff to file an amended complaint curing the defects identified by the Court. (*Id.*)

In his "amendment of complaint addendum," Plaintiff claims that Defendant violated the Eighth Amendment by, in part, creating "numerous and hostile contacts" with him and exposing his personal information. (Dkt. No. 8 at 1–2.) But Plaintiff again fails to establish a plausible claim that Defendant is a governmental actor. *See Taggart*, 2007 WL 2076980, slip op. at 4. Similarly, while Plaintiff brings many new allegations in support of his Fourteenth Amendment claim, none of the allegations establish a plausible claim that Defendant is a governmental actor. *See id.*; (Dkt. No. 8 at 4–5). And Plaintiff's allegations with regard to his Thirteenth Amendment claim, including that Defendant and other financial institutions have improperly penalized his accounts or removed him from their premises, do not establish a plausible claim that Plaintiff has been subjected to involuntary servitude within the meaning of the Thirteenth Amendment. *See Kozminski*, 487 U.S. at 942–44 (collecting cases); (Dkt. No. 8 at 2–4). Finally, while Plaintiffs other documents assert that "Qualstar Credit Union has decided to jump on band wagon and refuse to reopen my credit Union account further participating with Key Bank and many other financial institutions that I've mentioned," (Dkt. Nos. 9 at 1, 10 at 1), those documents do not cure the defects in his complaint, assert a cognizable legal theory, or allege sufficient facts to support claims against Qualstar Credit Union, *see Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

As Plaintiff's supplemental documents filed in support of his complaint fail to cure the deficiencies previously identified by the Court, the Court hereby DISMISSES Plaintiff's complaint and this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is DIRECTED to close this case.

DATED this 20th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE